UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD DENSON and VALENTIN
LEDEZMA, an individual

      Plaintiffs,

v.                                                                        Case No: 2:13-cv-308-FtM-38CM

B&W PAVING CONTRACTORS
OF SOUTHWEST FLORIDA, INC.,
ASPHALT MAINTENANCE &
SEALCOAT, INC. and TYRONNE
F. WILLEY,

      Defendants.

## REPORT AND RECOMMENDATION[1]

Before the Court are the parties' Joint Motion for Approval of FLSA Settlement Agreement ("Motion to Approve Settlement") (Doc. 24), filed on February 11, 2014, and Joint Notice of Filing FLSA Settlement Agreement (Doc. 26), filed on March 24, 2014. The parties inform the Court that they have reached a settlement of this case brought pursuant to the Fair Labor Standards Act and seek approval of the agreement and dismissal of the matter with prejudice. The parties have revised the settlement documents pursuant to the Court's prior Order (Doc. 25) and, for the

---

[1] Written objections may be filed within fourteen (14) days from the date of filing this Report and Recommendation. A failure to file timely objections waives a party's right to *de novo* review. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72; M.D. Fla. R. 6.02(a).

reasons set forth herein, the Court now recommends that the settlement be **APPROVED.**

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. §216(b), when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> Provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiffs Richard Denson and Valentin Ledezma bring this claim pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, seeking recovery of unpaid overtime compensation, liquidated damages, and attorneys' fees and costs arising out of their employment by Defendants as day laborers. Doc. 1 at 1-2. Specifically, Plaintiffs claim they worked in excess of forty hours per week, for which they were not properly compensated, in violation of the FLSA. Doc. 24 at 2. Defendants deny that Plaintiffs are owed any overtime compensation, and claim that Plaintiffs were appropriately compensated for all hours worked. *Id.*

The parties' Motion to Approve Settlement advises that "counsel and the parties have determined that a settlement is the most favorable option in light of disputed issues." Doc. 24 at 4. Thus, the parties state that the settlement reflects an amount that Defendants are willing to pay and Plaintiffs are willing to accept "to avoid the risk and delay associated with litigation." *Id.*

Defendants have agreed to pay Plaintiffs Richard Denson and Valentin Ledezma each $1,000.00, which reflects a compromise of the number of unpaid overtime hours claimed. Doc. 24 at 2. Defendants have further agreed to pay Plaintiffs' attorney's fees and costs in the amount of $2,000.00. *Id.* The parties represent that "Plaintiff's attorney's fees and costs have been agreed upon separately and without regard to the amount paid to Plaintiffs." *Id.*

Pursuant to *Bonetti v. Embarq Management Company*,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are

> addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009).

Although the Court must consider the reasonableness of any award of attorney's fees, it is not required to conduct an in-depth analysis of the award unless it is unreasonable on its face. *Bodnar v. Gourmet Hut, Inc.*, No. 3:13-cv-709-J-34JRK, 2014 WL 757981, *3 n.4 (M.D.Fla. Feb. 26, 2014) (order adopting report and recommendation). Upon review, the fee in this case appears to be reasonable.

Pursuant to the Court's March 13, 2014 Order (Doc. 25), the parties have revised the settlement agreement and filed a Joint Notice of Filing FLSA Settlement Agreement (Doc. 26), clarifying that both Tyronne Willey and Charles Willey, in their individual and representative capacities on behalf of B&W Paving Contractors of Southwest Florida, Inc., and Asphalt Maintenance & Sealcoat, Inc., intend to be bound and released by the negotiated Settlement Agreement. Doc. 26. Thus, the Court, having reviewed the revised settlement documents (Doc. 26-1), which are now signed by all parties intending to be bound and released thereby, concludes that the settlement appears to be a fair and reasonable resolution of a bona fide dispute under the FLSA.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The parties' Joint Motion for Approval of FLSA Settlement Agreement (Doc. 24) be **GRANTED** and the revised Settlement Agreement (Doc. 26-1) be **APPROVED**; and

2. The Court enter an Order adopting the Report and Recommendation and dismissing the case.

**DONE** and **ENTERED** in Fort Myers, Florida on this 2nd day of April, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

The Honorable Sheri Polster Chappell
United States District Judge

Counsel of record